**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**RADHA VANUKURI,**
**100 Nicholls Drive,**
**Thibodaux, Louisiana 70301**

**and**

**VEERABHADRA JAGANNADHA RAMJI MERLA,**
**D. No: 9-1-5/1 Main Road,**
**Pithapuram Road,**
**Samalkota, E.G.DT**
**Andhra Pradesh, 533 440 India,**

**Plaintiffs,**

**v.**

**REX W. TILLERSON, Secretary, U.S. Department of State, in his official capacity, as well as his successors and assigns,**
**2201 C Street, N.W.,**
**Washington, D.C. 20520,**

**and**

**ELAINE DUKE, Acting Secretary, U.S. Department of Homeland Security, in her official capacity, as well as her successors and assigns,**
**245 Murray Lane, S.W., Building 410,**
**Washington, D.C. 20528,**

**and**

**JEFFERSON B. SESSIONS III, Attorney General of the United States, in his official capacity as well as his successors and assigns,**
**U.S. Department of Justice,**
**950 Pennsylvania Avenue, N.W.,**
**Washington, D.C. 20530-0001,**

**and**

**CHRISTOPHER WRAY, Director, Federal Bureau of Investigation, U.S.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

**CIVIL ACTION NO. ______________**

**AGENCY CASE NUMBER: AA006C7SFW, 2016242605**

**Department of Justice, in his official capacity, as well as his successors and assigns, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535,**

**and**

**DAVID T. DONAHUE, Acting Assistant Secretary, Bureau of Consular Affairs, U.S. Department of State, in his official capacity, as well as his successors and assigns, 2201 C Street, N.W., Washington, D.C. 20520,**

**and**

**EDWARD J. RAMOTOWSKI, Deputy Assistant Secretary for Visa Services, Bureau of Consular Affairs, U.S. Department of State, in his official capacity, as well as his successors and assigns, 2201 C Street, N.W., Washington, D.C. 20520,**

**and**

**MARYKAY L. CARLSON, Chargé d'Affaires, in her official capacity, as well as her successors and assigns, U.S. Embassy, Shanti Path, Chanakya Puri, New Delhi 110 021 India,**

**and**

**KATHERINE B. HADDA, Consul General, U.S. Consulate General of India, U.S. Department of State, in her official capacity, as well as her successors and assigns, 1-8-323, Chiran Fort Lane Begumpet, Secunderabad 500 003 India,**

**and**

**DONALD MULLIGAN, Chief of the Consular Section, U.S. Consulate General of India, U.S. Department of**

**State, in his official capacity, as well as his successor and assigns,**
**1-8-323, Chiran Fort Lane**
**Begumpet, Secunderabad 500 003**
**India,**

**and**

**JOHN DOE, Officer, Nonimmigrant Visa Unit, U.S. Consulate General of India, U.S. Department of State, in his official capacity, as well as his successor and assigns,**
**1-8-323, Chiran Fort Lane**
**Begumpet, Secunderabad 500 003**
**India,**

**Defendants.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiffs, Radha Vanukuri ("Plaintiff-wife") and Veerabhadra Jagannadha Ramji Merla ("Plaintiff-husband"), through undersigned counsel, and allege as follows:

## I. INTRODUCTION

1. This civil action seeks judicial review and challenges government action unlawfully denying a request for a nonimmigrant H-4 visa made by Plaintiffs for Plaintiff-husband at the U.S. Consulate General in Hyderabad, India.

2. Plaintiff-wife currently resides in the United States in H-1B status, employed and living in Thibodaux, Louisiana. She has given her husband evidence of her current employment and nonimmigrant status in the United States that was provided with the Form DS-160, Application for Nonimmigrant Visa, (DS-160) properly filed by Plaintiff-husband on or about August 29, 2016. This Application was filed and denied by the U.S. Department of State (DOS), pursuant to Immigration and Nationality Act (INA) §221(g), 8 U.S.C. §1201(g), because Plaintiffs

have failed to provide a final judicial order regarding pending criminal charges against Plaintiff-husband.

3. Plaintiff-husband has a pending criminal charge at the 15th Judicial District Court for the Parish of Lafayette, Louisiana, Case Number 2010-CR-131583. Plaintiff-husband's presence in the United States is required to complete this criminal proceeding.

4. Plaintiff-husband has not entered a guilty plea in the 15th Judicial District Court for the Parish of Lafayette, Louisiana nor any other U.S. court, but he wants to appear in the 15th Judicial District Court to answer the pending charge against him.

5. Plaintiffs want to be able to live together as a family for as long as they can.

6. Plaintiff-wife is the sole financial support for Plaintiffs and their child.

7. Plaintiffs have made every effort to overcome the denial of the DS-160 filed by Plaintiff-husband.

8. Plaintiff-husband must now report the August 30, 2016 refusal of his DS-160 for the H-4 Visa whenever the U.S. government asks if he has been denied a visa application.

9. The Administrative Procedure Act (APA) requires that administrative agencies not adjudicate matters presented to them in an "arbitrary" or "capricious" manner or "unsupported by substantial evidence." 5 U.S.C. §706(2)(A).

10. This action seeks injunctive and declaratory relief to compel DOS to adjudicate Plaintiff-husband's DS-160 in accordance with the law. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

11. This action seeks injunctive and declaratory relief to compel DOS to adjudicate Plaintiff-husband's DS-160 in accordance with the law. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5

U.S.C. §706(1).

12. 11. The decision denying the DS-160 is arbitrary and capricious, and not in accordance with the law. This decision also fails to observe agency procedure, in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

13. Plaintiff-husband has been told to await the outcome of the criminal proceedings that he wishes to enter the United States to attend. However, the completion of Plaintiff-husband's criminal case requires his appearance in person at the court hearing in the U.S.

14. As a result, Plaintiffs suffer the hardship of an arbitrary and capricious decision, as detailed further herein.

15. This action seeks to compel the DOS to adjudicate his visa in accordance with the law.

16. Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and to adjudicate the subject DS-160 within thirty (30) days of an Order of this Court.

17. Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II.     JURISDICTION

18. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, et seq. (APA), 8 U.S.C. §1101 et seq. (Immigration and Nationality Act) (INA) (including 8 U.S.C. §§1182, 1184, 1201, 1202 and1204); and (2) 28 U.S.C. §1361 (Mandamus Act). This court may grant relief in this action under 5 U.S.C. §§553, et seq. and §§701 et seq. (APA); 28 U.S.C. §§1361, et seq. (Mandamus Act), 28 U.S.C. §§651, et seq. (All Writs Act), and 28 U.S.C. §§2201, et seq. (Declaratory Judgment Act).

## III. VENUE

19. Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Secretary Rex W. Tillerson is an officer of the DOS and is responsible for the operation of the DOS, which is headquartered in the District of Columbia. The DOS is responsible for all consular services including the adjudication of visa applications along with administrative processing of various clearances and checks before issuance of visas. Defendant Tillerson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Acting Secretary Elaine Duke is an officer of the Department of Homeland Security (DHS) and is responsible for the operation of DHS and its sub-agencies, which are headquartered in the District of Columbia. The functions of DHS include performing clearances for the DOS of visa applicants through records and databases. Defendant Duke performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant U.S. Attorney General Jefferson B. Sessions, III is an officer of the U.S. Department of Justice (DOJ), which is headquartered in the District of Columbia. The functions of the DOJ include performing clearances for the DOS of visa applicants through records and databases. Defendant Sessions performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Christopher Wray is an officer of the DOJ and Director of the Federal Bureau of Investigation (FBI), which is headquartered in the District of Columbia. The functions of the FBI include performing clearances for the DOS of visa applicants through records and databases. Defendant Wray performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e. Defendant Assistant Secretary David T. Donahue is an officer of the DOS and is responsible for the Bureau of Consular Affairs, subject to the discretion of Defendant

Tillerson, who resides in the District of Columbia. Defendant Donahue is responsible for formulating and implementing policies related to visa issuance and consular services and for the supervision of consular officers. Defendant Donahue performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

  f. Defendant Deputy Assistant Secretary Edward J. Ramotowski is an officer of the DOS and is responsible for the Visa Services Office, within the Bureau of Consular Affairs, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia. Defendant Ramotowski is responsible for formulating and implementing policies related to visa issuance and consular services and for the supervision of consular officers. Defendant Ramotowski performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

  g. Defendant Chargé de Affaires MaryKay L. Carlson is an officer of the DOS and is responsible for overseeing the operations of the U.S. Embassy in New Delhi, India, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia;

  h. Defendant Consul General Katherine B. Hadda is an officer of the DOS and is responsible for overseeing the operations of the United States Consulate in Hyderabad, India, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia;

  i. Defendant Donald Mulligan is an officer of the DOS and is the Chief of the Consular Section at the Hyderabad Consulate, responsible for managing the operation of the Consular Section (involved in the adjudication and issuance of visas), subject to the discretion of Defendant Tillerson, who resides in the District of Columbia;

  j. Defendant Officer John Doe is an officer of the DOS and is responsible for interviewing nonimmigrant visa candidates and granting or refusing nonimmigrant visa applications at the Hyderabad Consulate, subject to the discretion of Defendant Tillerson, who resides in the District of Columbia;

k. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DOS, DHS, and FBI which is headquartered in the District of Columbia; and

l. Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director, who is similarly located within the District of Columbia.[1]

20. Plaintiffs have taken all administrative acts available to seek redress for their injuries.

## IV. PARTIES

21. Plaintiff-wife, Radha Vanukuri, is an adult individual who is a national of India. She resides at 100 Nicholls Drive, Thibodaux, Louisiana 70301. *See* Exhibit A.

22. Plaintiff-husband, Veerabhadra Jagannadha Ramji Merla, is an adult individual who is the spouse of Plaintiff-wife and a national of India and currently resides at D. No: 9-1-5/1 Main Road, Pithapuram Road, Samalkota, E.G.DT, Andhra Pradesh, 533 440 India. *See* Exhibit A and Exhibit B.

23. Defendant Rex W. Tillerson is the Secretary of State, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing DOS, which includes all U.S. Embassies and their consular operations. He is further authorized to delegate certain powers and authority to subordinate employees of the DOS. DOS is headquartered at 2201 C Street, N.W., Washington, D.C. 20520.

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

24. Defendant Elaine is the Acting Secretary of DHS and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing the DHS, which includes sub-agencies, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the DHS. DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

25. Defendant Jefferson B. Sessions III is the U.S. Attorney General and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the DOJ. More specifically, Mr. Sessions is responsible for overseeing the timely completion of all requests made for security administrative processing clearances and security checks, including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450. Presently, every intending nonimmigrant must pass at least FBI NNCP, IAFIS, and NCIC-III screenings before his or her DS-160 Applications can be approved. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

26. Defendant David T. Donahue is the Assistant Secretary of the DOS Bureau of Consular Affairs, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with formulating and implementing policies related to immigration and consular services and with the administration of diplomatic and consular officers. DOS is headquartered at 2201 C Street, N.W., Washington, D.C. 20520.

27. Defendant Edward J. Ramotowski is the Deputy Assistant Secretary for Visa Services, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with formulating and implementing policies for the DOS Office of Visa Services. DOS is headquartered at 2201 C Street, N.W., Washington DC 20520.

28. Defendant MayKay L. Carlson is the Chargé d' Affaires of the U.S. Embassy in

New Delhi, India and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing all aspects of the U.S. Embassy. The U.S. Embassy is located at Shantipath, Chanakyapuri, New Delhi - 110021110 India.

29. Defendant Katherine B. Hadda is the Consul General at the U.S. Consulate in Hyderabad, India, and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing consular affairs, including the granting and refusal of visas. The Consulate is headquartered at 1-8-323, Paigah Palace, Chiran Fort Lane, Begumpet, Secunderabad, Telangana 500 003 India.

30. Defendant Donald Mulligan is the Chief of the Consular Section for the U.S. Consulate in Hyderabad, India, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing the granting and refusal of visas, and supervising the staff of the Consular Section. The Consulate is headquartered at 1-8-323, Paigah Palace, Chiran Fort Lane, Begumpet, Secunderabad, Telangana 500 003 India.

31. Defendant Christopher Wray is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made for security administrative processing clearances and security checks, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

32. Defendant John Doe is an Officer of the Nonimmigrant Visa Unit at the U.S. Consulate in Hyderabad, and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with interviewing Nonimmigrant visa applicants and granting and refusing visas. The U.S. Consulate in Hyderabad is located at 1-8-323, Chiran Fort Lane Begumpet, Secunderabad 500 003 India.

## V. STATEMENT OF THE CASE

### A. Process for Becoming an H-4 Nonimmigrant Resident

33. An alien intending to temporarily live and work in the U.S. pursuant to 8 U.S.C. §1101(a)(15)(H)(i)(b), *i.e.*, the intending H-1B nonimmigrant, must complete a two-step process to hold H-1B status based on an employment relationship in the U.S. The petitioner, who is the intending H-1B non-immigrant's U.S. employer, initiates the first stage.

34. The spouse of the H-1B nonimmigrant is eligible to accompany or follow the intending H-1B nonimmigrant to the United States in H-4 nonimmigrant status. *See* 8 C.F.R. §§214.1(a)(1)(ii) and (2). *See also* 22 C.F.R. §41.53(a)(3).

35. The spouse of an H-1B nonimmigrant does not require sponsorship by the U.S employer and does not have to file any application to Defendant USCIS if he is not in the U.S. Such a person may apply individually for an H-4 nonimmigrant visa from Defendants DOS with or after the intending H-1B nonimmigrant by submitting his own DS-160 Application. *See* 22 C.F.R. § 41.53(a)(3). *See also* 9 FAM 41.11 N4 and 9 FAM 41.11 N5.

36. The spouse of the H-1B non-immigrant will also be required to demonstrate his eligibility for issuance an H-4 visa to a Consular Officer. *See* 9 FAM 41.11 N4 and 9 FAM 41.11 N5.

37. The dependent applying for an H-4 visa then appears at the designated Consular district to be interviewed by a Consular Officer who determines eligibility for the requested H-4 visa. *See* 22 C.F.R. §41.102.

38. Once an interview is completed and the intending H-4 nonimmigrant has been questioned and documentation of eligibility reviewed, the Consular Officer must issue or refuse the visas. However, there are different types of refusals. Intending H-4 nonimmigrants may be refused a visa under 8 U.S.C. §1201(g). *See* 22 C.F.R. §41.121(a); and 9 FAM 41.121 N1.

39. A visa refusal under 8 U.S.C. §1201(g) is classified as a refusal of a visa by DOS just as a refusal under other available grounds including INA §212(f) or INA §212(a). 9 FAM

403.10-2(A).

40. The Foreign Affairs Manual governing the handling of U.S. visa applications does not treat a refusal under 8 U.S.C. §1201(g) as a quasi-refusal. 9 FAM 403.10-3(C).

**B. Case History**

41. Plaintiff-wife is a citizen of India, who is employed in the U.S. pursuant to her approved H-1B Petition. *See,* Exhibit C. Plaintiffs have one minor child residing with Plaintiff-wife in the United States.

42. Plaintiff-wife wants husband to enter the U.S. to reunite with her and their child and to appear before a state court to contest pending criminal charges.

43. Plaintiff-husband applied for an H-4 visa from the DOS to permit him to enter the United States in H-4 status as Plaintiff-wife's spouse.

44. On or about August 29, 2016, Plaintiff-husband submitted a DS-160. *See*, Exhibit D.

45. Plaintiff attended an H-4 visa interview on or about August 30, 2016 at the U.S. Consulate in Hyderabad, India. Plaintiff-husband's visa application was refused under INA §221(g), 8 U.S.C. §1201(g). Defendant John Doe provided Plaintiff-husband a sheet stating the visa was refused because he must provide the guilty plea for his criminal case in the U.S. *See*, Exhibit E.

46. Plaintiff-husband informed Defendants through counsel that the U.S. Consulate's request cannot be satisfied because the original guilty plea was overturned and the criminal case is currently pending without a guilty plea. Plaintiff-husband stated that no further action can be taken in his criminal proceedings until Plaintiff-husband arrives in the U.S. and appears before a state court.

47. As of now, Defendants refuse to issue the H-4 visa to Plaintiff-husband to re-join Plaintiff-wife and their child in the United States.

**C. Exhaustion of Remedies**

48. Plaintiff has made numerous inquiries to the DOS challenging the legality of the Consulate's refusal, all of which resulted in similar responses that those inquiries are under review. *See*, Exhibit F. Therefore, Plaintiff-husband's H-4 Visa Application remains refused.

49. On or about September 13, 2016, Plaintiff-husband's counsel contacted DOS to issue an Advisory Opinion to the U.S. Consulate stating Plaintiff-husband is admissible to the U.S. and eligible for issuance of an H-4 visa.

50. On October 3, 2016, DOS replied that Plaintiff-husband's visa application was refused "under section 221(g) of the INA for further administrative processing" and that the Consular Officer had "not yet reached a final determination" of Plaintiff-husband's eligibility for a visa. LegalNet also advised Plaintiff-husband's attorney to follow-up and present a legal argument if and when Plaintiff-husband's visa application was denied and if it was believed that the denial was due to "misapplication of U.S. immigration law." *See*, Exhibit F.

51. On or about October 11, 2016, Plaintiff-husband's counsel contacted the U.S. Consulate and received a response from the Visa Service Desk requesting a copy of any letter provided to Plaintiff-husband at his interview. Plaintiff-husband's attorney responded and sent a copy of the 221(g) refusal sheet provided to Plaintiff-husband at his visa interview. *See*, Exhibit F.

52. On or about November 29, 2016, Plaintiff-husband's counsel contacted the U.S. Consulate requesting an update and was asked for an updated Form G-28. This request was satisfied on or about December 5, 2016. *See*, Exhibit F.

53. On or about December 15, 2016, Plaintiff-husband's counsel emailed the U.S. Consulate for an update, to which the U.S. Consulate replied that Plaintiff-husband's visa was refused under INA 221(g) pending the outcome of his criminal proceedings and that once the outcome of the criminal case was available the Consular Officer would "make a final determination on whether a visa ineligibility exists. *See*, Exhibit F.

54. On or about January 10, 2017, Plaintiff-husband's counsel sent a second email to DOS advising the U.S. Consulate of the legal error and of Plaintiff-husband's admissibility and eligibility for issuance of an H-4 visa. LegalNet responded that they would "review the inquiry and provide a response". *See*, Exhibit F.

55. On or about March 10, 2017, Plaintiff-husband's counsel sent a follow-up message to DOS. DOS again replied that the attorney's inquiry was still being reviewed and that the Visa Office would contact the attorney when further information was received. *See*, Exhibit F.

56. On or about April 11, 2017, Plaintiff-husband's counsel emailed DOS again for an update, which was replied to on April 25, 2017, stating that inquiry "remains under review." *See*, L.

57. Plaintiff-wife remains separated from her husband while working in the U.S. and taking care of their child. She is unable to take any further action to bring Plaintiff-husband to the U.S.

58. Plaintiff-husband has no other avenue to pursue to overcome the visa refusal.

## VI. CLAIMS FOR RELIEF

### <u>First Claim for Relief – Due Process Violation</u>

64. The allegations contained in paragraphs 1 through 54 are repeated and re-alleged as if fully set forth herein.

65. Plaintiffs have a protected liberty interest in the Consulate's decision on Plaintiff-husband's Non-immigrant Visa application.

66. The Due Process Clause of the United States Constitution provides that "certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

67. The freedom to make personal choices in "matters of marriage and family life" is an established liberty interest protected by the Due Process Clause. *Bustamante*, 531 F.3d at 1062 (citing *Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632, 639-40 (1974)).

68. Plaintiffs did not receive the process to which they were entitled because the government did not provide the "facially legitimate and bona fide reason for its action." *Kerry v. Din*, 135 S. Ct. 2128, 2140 (2015) (Kennedy, J., concurring) (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972)). See *Trump v. International Refugee Assistance Project*, 582 U.S. ___, slip op. at 7 (2017).

69. Plaintiffs were told by Defendants that the visa application was refused because Plaintiff-husband cannot provide a judgment of guilt that does not exist. This "response provides no basis upon which we could conclude that it was the product of reasoned decisionmaking." *Butte County, Cal. v. Hogen*, 613 F. 3d 190, 195 (D.C. Cir. 2010).

70. A due process violation is established even in accordance with *Kerry v. Din* and *Kleindienst v. Mandel*, 408 U.S. 753. See *Morfin v. Tillerson*, 851 F.3d 710, 713 (7th Cir. 2017), (where the Court declined "to go behind a facially legitimate and bona fide explanation.") See also *Ali v. U.S.*, 849 F.3d 510, fn. 3 (1st Cir. 2017) (noting "arguendo that *Kerry v. Din*…does not doom this suit by foreclosing any due process claim at all."

71. Plaintiffs are not seeking to test the accuracy of Defendants allegations because they know them to be untrue. Plaintiffs want the H-4 visa refusal overturned so that Plaintiff-husband can respond to the pending criminal charge against him in Louisiana.

72. Plaintiff-wife seeks a declaratory judgment that her due process rights were violated by Defendants when they improperly refused her husband's visa application based on 8 U.S.C. §§1201(g)(1), (2), or (3) and INA §221(g).

73. Plaintiff-wife seeks a declaratory judgment that Plaintiff-husband is not inadmissible pursuant to 8 U.S.C. §§1201(g)(1), (2), or (3) and INA §221(g) under any constitutionally permissible standard of proof.

**Second Claim for Relief – Administrative Procedures Act**

74. The allegations contained in paragraphs 1 through 70 are repeated and re-alleged as if fully set forth herein.

75. Defendants' factual finding that Plaintiff-husband is inadmissible under 8 U.S.C. §§1201(g)(1), (2), or (3) and INA §221(g) is unsupported by substantial evidence and the facts in violation of 5 U.S.C. §706(2)(E) and (F).

76. Defendants' determination that Plaintiff-husband is ineligible under 8 U.S.C. §§1201(g)(1), (2), or (3) and INA §221(g) constitutes an arbitrary and capricious agency action in violation of 5 U.S.C. §706(2)(A).

77. Defendants' factual finding that Plaintiff-husband is ineligible under 8 U.S.C. §§1201(g)(1), (2), or (3) and INA §221(g) is the result of the agency's failure to investigate in violation of 5 U.S.C. §706(2)(A).

78. Plaintiffs seek a declaratory judgment that Plaintiff-husband is not ineligible pursuant to 8 U.S.C. §§1201(g)(1), (2), or (3) and INA §221(g).

## IV. PRAYER FOR RELIEF

The Plaintiffs request the Court to grant the following relief:

A. Declare that Plaintiff-husband is not ineligible pursuant to 8 U.S.C. §1201(g);

B. Enjoin Defendants from barring Plaintiff-husband's admission into the United States under 8 USC §1201(g);

C. Declare that the agency action in this case was "arbitrary and capricious" thus violating the APA;

D. Grant reasonable attorneys' fees and costs as provided under the EAJA, 28 U.S.C. §2412; and

E. Grant such other relief as the Court may deem just and proper.


Respectfully submitted on this 11th day of August 2017.



/s/Adam J. Rosen
Adam J. Rosen, Esq.
U.S. District Court Bar # MD29709
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
(410) 356-5440

Attorneys for Plaintiffs